IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARMANDO PARRAZ, JR.,

     Plaintiff,

v.                                                                                      2:19-cv-00904-LF

KILOLO KIJAKAZI,[1] Acting Commissioner
of the Social Security Administration,

     Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on plaintiff Armando Parraz's Motion for Order

Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed

on March 1, 2022.  Doc. 34.  The Commissioner took no position on the fee petition.  Doc. 35 at

2.  Having reviewed the briefing, the record, and the applicable case law, and being otherwise

fully advised in the premises, I find the motion well taken and will GRANT it.

**I.       Procedural History**

In 2014, Mr. Parraz filed applications for Disability Insurance Benefits ("DIB") and for

Supplemental Security Income ("SSI"), alleging disability since July 24, 2012, due to post-

traumatic stress disorder ("PTSD"), major depressive disorder, and generalized anxiety.  AR 84–

86, 232–39.  The Social Security Administration ("SSA") denied his claims initially on February

10, 2015.  AR 142–48.  The SSA denied his claims on reconsideration on July 1, 2015.  AR 151–

56.  Mr. Parraz requested a hearing before an ALJ.  AR 157–58.  On August 10, 2016, ALJ

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July
9, 2021, and is automatically substituted as the defendant in this action.  FED. R. CIV. P. 25(d).

Lillian Richter held a hearing.  AR 41–83.  ALJ Richter issued an unfavorable decision on

September 29, 2016.  AR 14–34.  Mr. Parraz requested review by the Appeals Council, which

denied his request.  AR 1–4, 12–13.  Mr. Parraz timely filed his appeal to this Court on January

31, 2017.  *See Parraz v. Social Security Administration*, No. 2:17-cv-00143 KK, Doc. 1 (D.N.M.

Jan. 31, 2017).

On February 2, 2017, while his first appeal was pending, Mr. Parraz filed a subsequent

application for SSI.  AR 751, 878.  On May 24, 2018, United States Magistrate Judge Kirtan

Khalsa remanded Mr. Parraz's case on the grounds that ALJ Richter failed to properly evaluate

Licensed Professional Clinical Counselor ("LPCC") Jennifer Webb's assessment of Mr. Parraz's

ability to do work-related mental activities and failed to properly evaluate the psychological

evaluation and assessment provided by Esther Davis, PhD.  *Parraz*, No. 2:17-cv-00143 KK,

Doc. 24 at 7–21.

On remand, the Appeals Council remanded the case to an ALJ for a new hearing.  AR

876–78.  The remanded case also was assigned to ALJ Richter, and on May 15, 2019, she held a

hearing.  AR 781–817.  Pursuant to the remand order of the Appeals Council, ALJ Richter

consolidated Mr. Parraz's subsequent application for SSI with his remanded case for DIB and

SSI.  AR 751, 878.  On July 31, 2019, ALJ Richter issued an unfavorable decision.  AR 748–71.

Because this Court previously remanded Mr. Parraz's case, Mr. Parraz was not required to seek

Appeals Council review again, and the ALJ's decision became the final decision of the

Commissioner.  *See* 20 C.F.R. § 404.984(a).  Mr. Parraz timely filed his second appeal to this

Court on September 27, 2019.  Doc. 1.

Mr. Parraz's motion to remand was fully briefed on July 22, 2020.  Docs. 23, 27, 28.  On

March 29, 2021, the Court granted Mr. Parraz's motion to remand based on the ALJ's violation

of the mandate rule in her consideration of the psychological evaluation and assessment provided

by Esther Davis, PhD.  Doc. 30 at 6–14.  After the remand order, Mr. Parraz filed an unopposed

motion requesting $7,4520.30 in attorney's fees under the Equal Access to Justice Act ("EAJA"),

and the Court awarded the requested EAJA fees.  Docs. 32, 33.

On remand, on June 30, 2021, ALJ Jeffrey Holappa issued a final administrative order

that was fully favorable to Mr. Parraz.  Doc. 34-1 at 1–7.  The SSA awarded back benefits from

July 2013 totaling $98,755.00.[2]  Doc. 34 at 4; Doc. 34-1 at 10.  By Notice of Award dated

January 24, 2022, the SSA notified Mr. Parraz that he would receive a check for $789.90 for

money owed to him for January 2022, and after that, he would receive $960.00 per month.  Doc.

34-1 at 9.  The SSA also notified him that $24,688.75 had been withheld from his past-due

benefits to pay for attorney's fees.  *Id*.  Mr. Parraz's attorney, Laura Johnson,[3] requested and was

awarded $6,000.00 for work performed at the administrative level.  Doc. 34 at 5.  Ms. Johnson

now requests that she be awarded $18,688.75 as attorney's fees for legal services rendered before

this Court.  Doc. 34 at 1, 5.

## II.    Standard

Section 406(a), title 42, United States Code, governs fees for representation at

administrative proceedings, and § 406(b) governs fees for representation in court.  *McGraw v.*

---

[2] Documents from the SSA indicate that it withheld 25% of Mr. Parraz's total past due benefits, or $24,688.75.  Doc. 34-1 at 10.  The amount of back benefits is calculated from these figures ($24,688.75 x 4 = $98,755.00).

[3] This case was initiated by attorney Michael Armstrong.  Doc. 1.  Mr. Armstrong is an employee of Michael Armstrong Law Office, LLC.  Doc. 34 at 2; Doc. 34-1 at 23.  Attorney Laura Johnson is the current owner and managing attorney of the Michael Armstrong Law Office, LLC.  Doc. 34-1 at 14.  Ms. Johnson asks the Court to award the fee to the Michael Armstrong Law Office, LLC or to her.  Doc. 34 at 2.  The Court will award the fee to Ms. Johnson, and it uses her name throughout this order for actions taken by the firm.

*Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006).  "[E]ach authority sets fees for the work done

before it; thus, the court does not make fee awards for work at the agency level, and the

Commissioner does not make fee awards for work done before the court."  *Id.*  Attorneys

representing Social Security claimants in court may seek fees for their work under both the

EAJA and under § 406(b).  *Id.* at 497.[4]  If, however, the Court awards both EAJA fees and

§ 406(b) fees, counsel must refund the smaller amount to the claimant.  *Id.*

> Under 42 U.S.C. § 406(b)(1),
>
> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment.

---

[4] The Tenth Circuit has explained:

> There are several differences between the two types of fees.  For example, EAJA
> fees are awarded based on a statutory maximum hourly rate, while SSA fees are
> based on reasonableness, with a maximum of twenty-five percent of claimant's
> past-due benefits.  *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)];
> 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1).  Also, "[f]ees under § 406(b)
> satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's
> social security benefits, while fees under the EAJA penalize the [Commissioner]
> for assuming an unjustified legal position and, accordingly, are paid out of agency
> funds."  *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994).  In that vein, an
> EAJA award is to the claimant, while counsel receives an SSA award.  *See* 28
> U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C.
> § 406(b)(1) (providing for attorney's payment of approved fee out of past-due
> benefits).  Finally, EAJA fee awards are allowed only if the government's
> position was not "substantially justified" or there are no special circumstances
> that "make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  SSA funds are not so
> conditioned.  42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case;

and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808.  Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable.  *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").  A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases.  *Id*. at 808.  The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b).  The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III.    Analysis

First, the Court finds that Ms. Johnson requested § 406(b) fees within a reasonable time. The ALJ issued his favorable decision on June 30, 2021.  Doc. 34-1 at 1–7.  The SSA issued a Notice of Award indicating the amount of back benefits due to Mr. Parraz, as well as the attorney's fees withheld on January 24, 2022.  Doc. 34-1 at 8–13.[5]  Ms. Johnson filed her fee motion on March 1, 2022.  Doc. 34.  The Court finds this to be filed within a reasonable time.

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits.  The Court finds that it does.  Mr. Parraz signed a fee agreement on August 14, 2019, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case

---

[5] *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .

I understand that the federal court may order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater [than] 25% of the past-due benefits awarded.

Doc. 34-1 at 16.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Ms. Johnson's requested attorney's fees reasonable. Ms. Johnson obtained a fully favorable outcome for plaintiff, and she was not responsible for any appreciable delay in the resolution of the case. Ms. Johnson's fee request of $18,688.75 is not disproportionately large in comparison to the amount of time spent on the case, *see* Doc. 34-1 at 14–15 (35.6 hours, or $524.96 per hour), and is in line with other awards in this district under § 406(b). Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 31) is GRANTED. Ms. Johnson is awarded $18,688.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

**IT IS FURTHER ORDERED** that counsel will refund to plaintiff the $7,452.30 in EAJA fees previously awarded in plaintiff's appeal.

Laura Fashing
United States Magistrate Judge
Presiding by Consent

7